A. L. PIERCE v. THE STATE.

No. 5805.    Decided May 19, 1920.

**1.—Rape—Evidence—Motive—Threats.**

Upon trial of rape, there was no error in admitting in evidence testimony that sometime after the rape charged in the indictment, defendant went after his daughter alleged to have been injured in connection with her flight from home, and on the way back threatened to kill her if she told what had occurred the night before.

**2.—Same—Evidence—Other Transactions.**

Upon trial of rape there was no error in admitting in evidence another act of defendant with the same girl while picking cotton shortly prior to the act mentioned as having occurred in the house at night, upon which the prosecution was based.

**3.—Same—Misconduct of Jury—Reference to Former Trial—Bill of Exceptions.**

While defendant's first bill of exceptions reserved to the misconduct of the jury was filed after term time and could therefore not be considered, yet the same facts being alleged in the second bill of exceptions, filed in time, the failure to file the first bill in time could not affect the second, which showed that after the jury retired one or more of the jurors mentioned the fact that defendant had been previously tried and that the jury stood eleven

for conviction and one for acquittal, which resulted in a mistrial. There was also some reference to defendant's failure to prove his good reputation, etc., all of which is reversible error.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Ketching* and *Root F. Higgins,* for appellant.—On question of other transactions: Pridemore v. State, 129 S. W. Rep., 1112; Battles v. State, 140 S. W. Rep., 783; Henderson v. State, 93 id., 550.

On question of misconduct of jury: Pollard v. State, 33 Texas Crim. Rep., 197; Cline v. State, 71 S. W Rep., 23; McDougal, 194 S. W. Rep., 944; Weaver v. State, 210 S. W., 698.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of other acts of intercourse: Battles v. State, 63 Texas Crim. Rep., 174; Simmons v. State, 79 id., 492; Webb v. State, 80 id., 1; Hollingsworth, 82 ids., 342.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape and his punishment assessed at seven years in the penitentiary.

The indictment charges rape in three counts: One on a girl under eighteen years of age, one on the same girl under fifteen years of age, and the other by force, threats and fraud. The facts show prosecutrix was the daughter of defendant and under fifteen years of age. The State's case is that appellant had intercourse with his daughter in a room adjoining that occupied by his wife and son; that he had intercourse with her about the time the family were retiring, and in the same bed was another daughter just younger than prosecutrix, and also a little girl sister, the three occupying the same bed; that appellant went in there, got in bed with this girl and forced her to have intercourse; that his wife and his son heard the noise; that the son, a boy nearly grown, stated: "The first thing that attracted my attention was when I heard the racket and the bed popping, and I heard Etta (prosecutrix) hollow. Mamma asked papa what he was doing in there, and he said, "I'm not doing nothing,' and mamma said 'you ain't got no sense,' and mamma said, 'you think I ain't got no sense,' and papa said, 'God damn you, you wont have no sense in a minute if you fool with me.' There was no light on at that time, it was dark. I told mamma to light the lamp and let's see what that dad-gum fool was doing in there, and he said, 'God damn you, if you light that lamp I'll blow your head off.'" This witness was about seven feet from the door of prosecutrix's room, and the remarks mentioned were made during the alleged assault of defendant upon

prosecutrix. Appellant met this with testimony to the effect that on one occasion shortly before this occurrence one of the neighbor girls was spending the night at his house, and his daughter, perhaps two daughters, and this neighbor girl had taken a bath and were naked in the room and making a considerable noise, and he heard the visiting girl friend ask his daughter if she had ever "spinned" and she replied that she had "spinned" three times; that he understood this to mean that she had had intercourse with boys on three different occasions; that he then determined to satisfy himself whether or not she had had such intercourse; that on the occasion the girl testified he had gone in the room to examine her to see whether or not she had had intercourse; that he was seeking to examine her private parts to ascertain that fact when the matters occurred about which his wife and son testified, and he also denied having intercourse with her at any time or place. During the night of this occurrence and about midnight the two girls who were in bed at the time, prosecutrix being one, left home and went to a neighbor's off two or three miles; that the next morning early and before daylight appellant and his son, Dan, who testified in the case, went in search of them and finally located and brought them back. The son Dan had a pistol with him. Enroute back the father called for the pistol and presented it and asked prosecutrix if she had told what occurred, and if she did he was going to kill her. Objection was urged to this testimony because it was a distinct offense, extraneous and not permissible and not germane to the case, and detrimental to appellant's rights. We are of opinion the court did not err in admitting this testimony. The matter occurred in connection with the flight of the girl on account of the alleged conduct of appellant towards his daughter. It was germane, and if it occurred as the girl testified, it bore upon his relations with prosecutrix on the occasion that he mentioned. It was at least admissible, and does not come within the rule which would reject extraneous matters not connected with the offense on trial.

There was also introduced in evidence another act of defendant with the same girl while picking cotton shortly prior to the act mentioned as having occurred in the house at night. Appellant put up the same defense against that act that he did against the act that occurred in the house, that is, that he was not trying to have intercourse with prosecutrix and did not; that he was trying to examine her to ascertain if she had had intercourse with men. We are of opinion these acts were introducible. There are several of these bills of exception and all to the same effect and purport.

There are two bills of exception reserved to misconduct of the jury. One of them was filed after term time and cannot be considered under the decisisons. It embodied some of the facts alleged to have occurred in the jury room after the jury's retirement. The second bill is practically to the same effect and with reference to misconduct of the Jury, which was filed in time. The failure to file the first bill of

exceptions in term time would not affect the bill of exceptions filed within the time prescribed by statute. In substance, without going into a detailed statement of the affidavits, the testimony of the juror's is to the effect that after they retired one or more of the jurors mentioned the fact that appellant had been previously tried and that the jury stood eleven for conviction and one for acquittal. This resulted in a mistrial. Up to and subsequent to the time this matter was discussed in the jury room this jury stood nine for conviction and three for acquittal. After having the case under advisement for the night the next morning the ballot resulted in the same, nine to three. There is testimony indicating that they had been carried before the court where they made a statment that the jury was hung without hope of agreement, but they were sent back. After balloting some time the next morning they agreed upon a verdict of seven years. It is also shown there was something said with reference to defendant's failure to prove his good reputation or character, and had this been shown it might have had a favorable effect on the case for him. This bill shows also that the jury was informed of the fact that there had been a previous trial, as developed from examination and cross-examination of witnesses as well as questions asked the jury when being empaneled, but there was no evidence as to the result of the former trial, or how the jury stood in their balloting upon the former trial. This occurred in the jury room after retirement for deliberation. We think these matters are of sufficient importance to require a reversal of this judgment. The jury stood nine for conviction and three for acquittal until after these matters occurred. Some of the jurymen said it did not affect them in their verdict, but they reached the verdict irrespective of this testimony and these statements. We are of opinion that this testimony and these statements and this conduct are of such a nature as to require us to reverse the judgment.

The judgment is, therefore, reversed and the cause remanded.

*Reversed and remanded.*