JOE DUNSON, ALIAS BLIND JOE v. THE STATE.

No. 8530.    Delivered December 10, 1924.

No motion for rehearing filed.

1.—Sale of Intoxicating Liquor—Evidence—Inducing Sale—Detective.

One who is employed by the county attorney and sheriff to detect violations of the liquor law, is not an accomplice, and a conviction can be sus-

tained on the uncorroborated testimony of such a witness. Acts 37 Leg., 1st C. S., Ch. 61, § 2c.

**2.—Same—Agent Acting for Purchaser.**

If accused is in no way interested in behalf of the seller, it would be error to refuse a charge affirmatively submitting this issue. These propositions, however, are not raised by the evidence in this case.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty one year in the penitentiary.

*C. H. Chernosky,* for appellant.

*Tom Garrard,* Assistant State's Attorney, for the state.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor to one B. A. Hodges. Punishment assessed is one year in the penitentiary.

Hodges testified that he was employed by the county attorney and sheriff to detect violations of the law relative to intoxicating liquor and was being paid two dollars a day for his services; that under the direction of said officers he went to the home of appellant and purchased from him the whiskey which transaction is the basis of this prosecution.

Appellant requested the court to direct a verdict of acquittal apparently based upon the proposition that if the alleged purchaser was in the employ of the officers and under their direction induced appellant to sell him the whiskey and thereby brought about a violation of the law that the evidence would be insufficient to sustain a verdict of conviction. We can not accede to the correctness of this proposition. The Acts of the 37th Leg. 1st C. S., Ch. 61, §2c, (Vernon's Ann. P. C. Supp. 1922, art. 588-1/4a3) provides that the purchaser of intoxicating liquor shall not be held to be an accomplice. We quote from· Manos v. State, 263, S. W. 310, as follows: "It is the general rule that one in the employ of officers, by taking steps to get evidence against one who is engaged in the unlawful liquor traffic, is not thereby rendered one whose testimony, as a matter of law, requires corroboration. Underhill on Crim. Ev. (3d Ed.) § 125, p. 148, note 20; Lamm v. State, 94 Tex. Cr. R. 561, 252 S. W. 535; Laughlin v. State, (No. 7865) 260 S. W. 865, not yet (officially) reported; Creech v. State, 70 Tex. Cr. R. 229, 158 S. W. 277; Fox v. State, 53 Tex. Cr. R. 150, 109 S. W. 370."

Appellant requested a charge to the effect that if appellant delivered the whiskey to Hodges but at the instance and request of the latter bought it for him from a third person and that appellant was acting only as the agent of the alleged purchaser he would not be guilty. The

refusal of this charge is assigned as error. Hodges testified that he bought a pint of whiskey from appellant. On cross and re-direct examination, describing the transaction in detail he testified as follows:

"No sir, I did not say that I sent (appellant) Joe after this whiskey. He went after it without my sending him. No sir, I did not act as principal and he did not act as my agent to get the whiskey for me. Yes sir, I did tell you that he took his cane and went hobbling down the street and got the whiskey. No sir, he certainly did not act as my agent in going after the whiskey for me. Yes sir, he got it of his own accord. No sir, I did not have him to get it for me. I asked him if I could buy it from him and he said he would get it for me. He didn't act as my agent at all. * * * I asked him for some whiskey. He said he would get me some and he went and got it. Yes sir, he went and got it. I paid him for the whiskey before he went after it. I gave him the money and he brought me the whiskey."

Appellant asserted that Hodges brought the whiskey to appellant's house at the time he came there and turned it over to appellant to keep for him while he was engaged in gambling with other parties then at appellant's house and that when Hodges left appellant redelivered the same whiskey to Hodges which was brought there by him. We do not believe under these circumstances the issue of agency was raised. There was no request on the part of Hodges that appellant buy whiskey for him from someone else, but a direct offer to buy from appellant himself. In response to this appellant received the money, went away from his home for a little while, returned and delivered the whiskey to Hodges. Appellant does not claim to have purchased the liquor from a third party at the request of Hodges, but claims the whiskey was brought there by Hodges himself. The case of Scott v. State, Tex. Cr. R. ——, 153 S. W. 871, cites many authorities supporting the proposition that if accused is in no way interested on behalf of the seller, but simply acts as agent of the alleged purchaser he is not guilty of making a sale, and others supporting the further proposition that if there is evidence that accused bought liquor from another as an agent of the alleged purchaser, and was not interested in behalf of the seller, it would be error to refuse a charge affirmatively presenting this issue. These propositions, in our opinion, are not raised by the evidence in the present case. Appellant himself does not claim to have secured it from any third person and we do not believe the testimony of Hodges raises the issue of agency.

In our opinion the judgment should be affirmed, and it is so ordered.

*Affirmed.*