JOE HOWINGTON V. THE STATE.

No. 8601.  Delivered February 11, 1925.

Sale of Intoxicating Liquor—Agency—Charge of Court.

Where on a trial for the sale of intoxicating liquor, the issue as to whether appellant acted as agent for the alleged purchaser was pointedly raised by the evidence, it was error for the trial court to fail to affirmatively submit such issue to the jury, and for such failure, this cause is reversed, and remanded.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*B. D. Tarlton,* of Corpus Christi, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge—Conviction is for the sale of intoxicating liquor to one C. D. Berry. Punishment is one year in the penitentiary.

Berry testified that he approached appellant and told him he had been suffering with the "flu" and asked if appellant could get witness some whiskey; that appellant said he did not know but would try; that witness gave him three dollars, that he did not receive any liquor from appellant and had no further conversation with him in regard to the matter, but that he found in his ice box when he went home that night a quart of whiskey. He did not know who put it there. Appellant testified that when Berry approached him with a request to get some whiskey, that appellant told him he did not know whether he could do it or not but would try; that he took the three dollars which appellant handed him, found a Mexican who said he had been selling Mr. Berry whiskey before and knew where to put it; that appellant turned the three dollars over to the Mexican. Appellant claims that he had no further knowledge of the matter whatever; that he never saw the whiskey and did not know in fact whether any was delivered to Mr. Berry or was placed in his ice chest.

It will be seen that the issue whether appellant acted as the agent for the alleged purchaser was pointedly raised by the evidence. If appellant was in no way interested with the seller but was acting only as Berry's agent in buying the liquor he would not be guilty of making a sale of it. (See cases collated under Sec. 1248, Branch's Ann. P. C., also Dunson v. State, 266 S. W. 1102.) There was an entire omission from the charge of any instruction whatever upon this issue. The charge was not excepted to for such omission, but appellant requested a special charge upon the subject to the refusal of which exception was reversed. (See Boaz v. State, 89 Texas Crim. Rep. 515, 231 S. W. Rep., 790; Parker v. State, No. 7255, opinion on rehearing April 30, 1924.) The substance of the requested instruction is that if the jury should find from the evidence that Berry gave appellant money with which to procure some whiskey for the former, and that appellant did get such whiskey for him, or had someone else to get it for Berry, then such act on the part of appellant would not constitute a sale in contemplation of law. While this charge did not in so many words mention the issue of "agency" it seems to have been a pertinent submission of that defense under the facts proven. In our opinion the learned trial judge fell into error in declining to give it. It was the affirmative defense in the case made not only by the evidence of appellant, but by the testimoon of Berry himself.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*