### C. S. PARKS V. THE STATE.

No. 9396.   Delivered November 4, 1925.

**1.—Theft—Bill of Exception—Insufficient—Present No Error.**

Where complaint is made of the refusal of requested charges, but the bill of exception presenting the matter does not show that such special charges were presented to the court during the trial of the case, and before argument began, and no written exceptions to the court's main charge were filed, nothing is brought forward for review. Where special charges are requested it must be shown that they were presented to and refused by the trial court, before the main charge was read to the jury, and exceptions should also be taken to the main charge for the failure to present the issues raised in the special charges.

**2.—Same—Bill of Exceptions—No Error Presented.**

Where a bill of exception complains of a private discussion between the court and counsel for the State, with reference to special charges requested by the appellant, and which his counsel was denied participation in, the bill presenting the matter, not setting out the special charges under discussion, does not disclose any error. Of course the trial should be a public one, and arguments to the court touching matters of law, as well as of fact, should be in the hearing of the accused, and his counsel. See Art. 1, Sec. 10 Const. of Texas. Also Patterson v. State, 60 S. W. 560 and other cases cited.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrary, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

The property taken was seven automobile casings of the value of $132.00. The property belonged to the Morgan-Woodward Auto Company, a partnership composed of W. M. Morgan and R. C. Woodward.

The evidence is circumstantial. The owners were dealers in automobile casings, and a number of such casings were missed from their establishment. Appellant was an employee in the capacity of watchman. There was found in the possession of certain persons property described in the indictment and of the value there named, which the evidence was sufficient to identify as the alleged stolen property. The possessors of the property had purchased it from one Sims, who testified that he had received it from the appellant. There were other circumstances corroborative of Sims, the details of which it is not deemed necessary to relate; also other evidence to connect the appellant with the commission of the offense. Suffice it to say that in our judgment, the evidence is sufficient to support the finding of the jury.

There are several bills of exception found in the record. Bills Nos. 2, 5 and 7 are attacks upon the action of the court in failing to give requested peremptory instructions. In neither of the bills mentioned is it shown that the special charge to which they refer was presented to the court during the trial of the case and before argument began; nor does it appear in any of the instances referred to in either of the bills mentioned that a written exception to the court's charge was presented to the court at the time of the trial and before the argument.

" * * * the court, over an objection of the defendant, permitted District Attorney and private prosecuting attorney C. A. Davis, to have a private conversation with same, the court not being addressed openly but in private without counsel for the defendant being permitted to hear the same, and thereby persuaded the court to refuse defendant's requested charge without the defendant's counsel having the right to hear said conversation of said attorneys as aforesaid, and without defendant's counsel being able to hear said argument a right to answer the same to which action of the court the defendant then and there in open court excepted."

From this bill, this court is unable to ascertain the nature of the special charge to which the complaint relates. The absence of such information precludes this court from determining the merits of the complaint. Of course, the trial should be a public one, and arguments to the court touching matters of law, as well as of fact, should be in the hearing

of the accused and his counsel. See Art. 1, Sec. 10, of the Const. of Texas; also Patterson v. State, 60 S. W. Rep. 560; Reeves v. State, 54 Tex. Crim. Rep. 483; Lott v. State, 18 Tex. Crim. App. 627; Roe v. State, 25 Tex. Crim. App. 33; Weige v. State, 81 Texas Crim. Rep. 476. Whatever the desire of this court to enforce this provision of the Constitution, it would not feel warranted in reversing the judgment in the absence of more details than are given in the present instance touching the character of the special charge which, according to the bill, was under debate.

We have failed to find any error presented by the record which warrants a reversal of the judgment. It is therefore affirmed.

*Affirmed.*