## DANIEL VALDEZ v. THE STATE.

No. 11564.   Delivered October 31, 1928.

The opinion states the case.

*Guy R. Mobley* of San Angelo for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment, as drawn, charged an offense under Art. 666, P. C., 1925, which denounces the sale of intoxicating liquor. It charges the sale to have been made by the appellant to George Rosser. The only testimony which was given was that of George Rosser, which consists of less than ten lines. The witness resided near Bronte in Coke County; had known the appellant for three years; and purchased from him a pint of whiskey in Coke County on November 30, 1926, for which he paid him two dollars. On cross-examination the witness was asked for what purpose he bought the whiskey. His answer would have been that he purchased it for use as medicine for a sick woman and that that fact was communicated to the appellant at the time and that the whiskey was, in fact, sold by the appellant only after the witness insisted that it was needed as medicine.

To the receipt of the testimony objection was urged by State's counsel for the reason that "no man is authorized to dispense liquors in this state unless he is a licensed druggist and on prescription of a doctor, and we think that it is inadmissible and incompetent." The objection was sustained. The appellant reserved and presents here a bill of exceptions. The statute, Art. 666, supra, denounces the sale of intoxicating liquors, and Art. 668, P. C., reads as follows:

"It shall not be unlawful for any person to manufacture, sell * * * spirituous, vinous, or malt liquors * * * for medicinal, mechanical, scientific, or sacramental purposes."

Art. 669, P. C., reads as follows:

"The manufacture, sale, barter, exchange, transportation, exporting, taking orders for, furnishing, and possessing of any of the liquors mentioned in this chapter, if done for medicinal, mechanical, scientific, or sacramental purposes, shall not be punishable under the terms of this chapter."

Art. 16, Sec. 20a, of the Constitution of Texas contains the following:

"The manufacture, sale, barter, and exchange in the State of Texas, of spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicant whatever

except for medicinal, mechanical, scientific or sacramental purposes, are each and all hereby prohibited."

Art. 677, P. C., prescribes regulations with reference to the sale of liquors by wholesale druggists, and in the same article it is declared that it shall be unlawful for a retail druggist or pharmacist to sell any liquor except alcohol for non-beverage purposes or wine for sacramental purposes. The same section provides for the preservation of the prescriptions and record of the purchasers. Art. 678, P. C., prescribes for the issuance of prescriptions by a physician. Art. 689, P. C., denounces as a felony the violation of the provisions of any of the preceding articles.

We think there cannot be found in the statute any provisions other than those above quoted or referred to which throw any light upon the questions presented by the record before us. It is made a felony for a druggist to sell intoxicating liquors without a prescription, but under Arts. 668, and 669 of the statute, and Sec. 20a of Art. 16 of the Constitution, it is expressly declared that the sale of intoxicating liquors for medicinal purposes is not made unlawful. It is to be noted that the constitutional provision quoted above (Art. 16, Sec. 20a) expressly permits the manufacture or sale of intoxicating liquors for medicinal, mechanical, scientific or sacramental purposes. Having that provision in mind, it is conceived that touching the excepted purposes mentioned, the Legislature could pass regulations controlling the manufacture, sale or exchange of intoxicating liquor, but it would not be within the scope of its power to prohibit such manufacture, sale or exchange. With reference to the sale of intoxicating liquors for medicinal purposes, the only regulations found are those embraced in the statute, (Art. 673, P. C.) forbidding druggists to sell intoxicating liquors without a prescription. On a number of occasions this court has held that it was not unlawful to manufacture intoxicating liquors for medicinal purposes (Burciago v. State, 88 Tex. Crim. Rep. 576; Horak v. State, 95 Tex. Crim. Rep. 474), or to transport it for such purposes (Mayo v. State, 92 Tex. Crim. Rep. 624; Lewis v. State, 98 Tex. Crim. Rep. 78; Jones v. State, 96 Tex. Crim. Rep. 332; Jones v. State, 100 Tex. Crim. Rep. 309); or to possess it (Floyd v. State, 104 Tex. Crim. Rep. 1). Many other cases to the same point might be cited. The decision in each of the cases is based upon the articles of the statute and the provisions of the Constitution to which reference has been made above, and upon the same principle as that controlling the cases to which we have adverted, we are constrained to

regard the action of the court in excluding the proffered testimony in the present instance as an error. Aside from its relevancy as tending to establish a defense, the excluded testimony was a proper cross-examination of the witness as a part of and explanatory of the transaction under Art. 728, C. C. P., 1925, and material as tending to mitigate the penalty.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*