## Ex Parte Lee Cassas.

No. 12143. Delivered January 9, 1929.
Rehearing denied March 6, 1929.

The opinion states the case.

*John M. Cobb* of Houston and *W. F. Robertson* of Austin for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from the order of the trial court refusing to discharge the appellant on a writ of habeas corpus. He was convicted of unlawfully transporting intoxicating liquors, and on appeal the judgment of conviction appeared regular and was affirmed. See Cassius v. State, 7 S. W. (2d) 530. After the judgment became final, appellant sought his release by way of a writ of habeas corpus upon the ground that a part of his trial was conducted during his absence. In his motion for new trial in the trial court and in preparing his record for appeal no reference was made and no relief sought because of his alleged absence during the trial. The evidence heard before the trial court in the habeas corpus hearing warrants the conclusion that the appellant was present at the trial until after the evidence was closed, his testimony in his own behalf being the last that was heard. The judge withdrew to his private office to prepare his charge to the jury, and the attorneys and others who had assembled dispersed. The appellant was at large and went to the office of an attorney in a drunken condition. Two members of the Bar who were counsel for the appellant in the trial were notified of his condition. He returned to the court house and there remained during the continuation of the trial. He was not in the court room but in an adjoining room some ten feet away. He was in a drunken condition so much so as to render him incapable of comprehending the nature of the proceedings. His counsel asked for no postponement or abatement of the trial but proceeded with the argument of the case, entertaining the opinion that the exhibition of the appellant to the jury in his present condition would be likely to prejudice his case in the minds of the jury and possibly enhance the verdict in the event of a conviction. On the habeas corpus hearing the appellant testified that he drank intoxicants of his own accord; that he was incapacitated as a result of his own acts and conduct; that his presence during the trial was prevented by his own voluntary act. In Art. 692, C. C. P., 1925, it is declared that in a felony case the defendant must be present when the verdict is read unless his absence is wilful or voluntary. In Art. 580, C. C. P., it is declared:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of

misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

Counsel for the appellant, in support of his contention that the conviction of the appellant is *void* and that there was error in refusing to discharge him in the habeas corpus proceeding, cites decisions of this court, notably, Emery v. State, 123 S. W. Rep. 133; Bell v. State, 24 S. W. Rep. 418; Derden v. State, 120 S. W. Rep. 485; Crow v. State, 230 S. W. Rep. 148; Mapes v. State, 13 Tex. Crim. App. 85; Parks v. State, 276 S. W. Rep. 1106. In some of these cases, a reversal was ordered because of the absence of the accused during the trial. This is true in Bell's case, supra, in which very important evidence was heard during the absence of the accused, and in Emery v. State, supra; Derden v. State, supra, and Crow v. State, supra. In other cases found in the reports, appeals upon similar grounds have been unsuccessful. An example is O'Toole v. State, 40 Tex. Crim. Rep. 578, in which there was a waiver.

In Whitehead's case, 66 Tex. Crim. Rep. 482, the appellant in his motion for new trial set up his absence from the court room during a part of the procedure and on appeal the decision of the point was against him. The Supreme Court of the United States, in affirming a case wherein a like point was made, said:

"But, where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (Diaz v. United States, 223 U. S. Rep. 442, 56 L. Ed. 500).

Supporting the conclusion stated, many cases are collated in the opinion, notably that of Barton v. State, 67 Georgia, 653, 44 Amer. Law Rep. 743, in which the distinction between a voluntary absence and involuntary absence during a part of the trial is drawn and the reasons stated upon which the court would be justified in the case of voluntary absence of ordering an affirmance under circumstances which would not justify such action if the absence was not brought about by the voluntary act of the accused. In substance, the court stated that a rule of law which would demand the reversal

of a judgment because the accused, being at large, personally withdrew himself from the court room would offend against the dictates of common sense.

In the case of Fry v. State, 78 Tex. Crim. Rep. 435, in commenting upon the contention of the accused, the court said:

"If he intentionally and deliberately walks out of the court room and remains away, he can not and should not expect the court to delay the proceedings to await his pleasure in returning to the court room."

In Cartwright's case, 97 Tex. Crim. Rep. 230, the court declined to reverse the judgment upon the ground that the accused was absent for a short time during the proceedings and the things that transpired during his absence were such as in the opniion of the court could have resulted in no injury. In the opinion there is a quotation from the case of Powers v. State, 23 Tex. Crim. App. 42, in which the ruling was such as supported the decision of the Cartwright case, supra.

In all of the cases to which reference has been made the matter was before the court by a direct proceeding, namely, an appeal. The present is the first instance of which we are aware in which the court has been called upon to deal with the subject in a collateral proceeding such as habeas corpus. It is well settled that in a collateral proceeding there would be no authority to discharge the appellant from a judgment of conviction unless the judgment was void. See Ex parte McKay, 82 Tex. Crim. Rep. 221, 199 S. W. Rep. 639, and numerous authorities there collated, including Ex parte Tinsley, 37 Tex. Crim. Rep. 527. The judgment of conviction was rendered by a court of competent jurisdiction and has been affirmed upon an appeal regularly presented, and the judgment on its face contains the recital that the appellant was present in accord with Art. 580, C. C. P., supra. The decisions to which reference is made above, some of them showing circumstances under which the accused on trial was absent during a part of his proceedings which required a reversal and in others that they did not, indicate that the mere absence of the accused during a part of his trial does not render the judgment void, but voidable, only depending upon the attending circumstances. This seems a clear imputation from the case of Powers v. State, supra, and others to which reference has been made, including the decision of the Supreme Court of the United States cited above. Such imputation is apparently in accord with the rule applied in nearly all the states of the Union, as is made manifest by

the collation of precedents in Corpus Juris, Vol. 16, p. 817, sec. 2071, from which the following quotation is taken:

"Most of the courts, however, have held that defendant may waive his right to be present when the felony is not capital; that he does so if, having been released on bail, he absconds or is voluntarily absent after his arraignment and plea, and that in such a case the trial may proceed and the verdict may be received notwithstanding his absence; and some states expressly provide that the verdict may be received in defendant's absence where he has escaped or is voluntarily absent."

Our state is one of those in which it is expressly declared that in a felony case the verdict may be received and read in the absence of the accused if his absence is wilful or voluntary. (C. C. P., 1925, Art. 692). In the present instance, during the absence of the appellant, he was represented by his counsel and nothing prejudicial to his cause is shown to have taken place save the bare fact of his absence. We are clearly of the opinion that he having voluntarily, during the interval between the closing of the evidence and the reading of the charge to the jury, drunk sufficient intoxicants to disable him and having raised no point on account of his absence in his motion for new trial or on his appeal, was properly denied release from the judgment of conviction in the habeas corpus proceeding.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This appellant was tried, convicted of a felony, appealed his case, same was affirmed, and on motion for rehearing in the appellate court for the first time,—he attempted to raise the question that he was absent from the court room during part of such trial. This court properly refused to consider such matter when thus presented, and the case was finally disposed of by the overruling of the motion for rehearing. Cassius v. State, 7 S. W. (2d) 530.

He then made application to the district court of Nacogdoches county for habeas corpus asking discharge from confinement under the sentence in said original case, setting up that the judgment in said case was void by reason of his said absence from the court room. On hearing he was remanded, and appealed. The remanding judgment was affirmed, and he now moves for a rehearing on the same ground originally set up. There can be but one question, viz:

was the judgment rendered in the original case void? Otherwise, habeas corpus would not avail to bring about his discharge. Ex parte McKay, 82 Texas Crim. Rep. 221; Ex parte Adlof, 86 Texas Crim. Rep. 13; Ex parte Roach, 87 Texas Crim. Rep. 379.

The record on appeal in the original case showed him present at the beginning of the trial, also that he testified as a witness therein. Nowhere in said record was there a suggestion of his absence at any stage of the trial. This court on appeal was bound by the terms of Art. 580 C. C. P., which pointedly says if the record on appeal shows the accused present at any part of his trial, and fails to affirmatively show his absence at some other part thereof, the presumption will be that he was there all the time. We also observe that Art. 692 C. C. P. also plainly provides that in a felony case the verdict may be received in the absence of the defendant if he wilfully or voluntarily absents himself. In Benavides v. State, 31 Texas Crim. Rep. 173, we said in so many words that defendant can waive his right to be present. The same appears in Bell v. State, 32 Texas Crim. Rep. 436, and in Shipp v. State, 11 Texas Crim. App. 49, referring to old Art. 23, now Art. 11 C. C. P., which provides that the accused may waive any right guaranteed him save that of a trial by jury. Mr. Bishop says: "The prisoner's right to be present at the rendition of the verdict is perfect; at least unless he waives it." 1 Bish. Crim. Proc., 3 ed., Sec. 272. Not only can the presence of the accused be waived by him, but if he be absent at any proceeding during the trial, and desires to raise the point of such absence, same should be brought forward in the trial court where the matter may be looked into and corrected if possible. Gibson v. State, 3 Texas Crim. App. 441; Sweat v. State, 4 Texas Crim. App. 617; Cordova v. State, 6 Texas Crim. App. 227. In Sweat's case, supra, we said: "It must be made to appear from the record affirmatively that he desired to exercise the right to be present, and that this was denied him, in the court trying the case." In other words, as said, in substance, in Cartwright v. State, 97 Texas Crim. Rep. 230, the statement in Mapes v. State, 13 Texas Crim. App. 85, quoted with apparent approval in Derden v. State, 56 Texas Crim. Rep. 400, that to take any steps in the trial of a felony case, in the absence of the defendant, will render the *proceedings absolutely* void, is not correct, but the word voidable should have been used, which would mean only that such absence is an error which if brought forward in time and in a proper manner may avail the accused, but if not presented and supported while the case is before the trial court, may not be raised afterward, and unquestionably not in any collateral way.

The use of the word "void" in the cases last mentioned was evidently an inadvertence. None of our other cases hold the mere fact of absence from some proceeding to render the judgment void. Many hold to the contrary. The law has been changed since the opinion was written in the Mapes' case, supra, and under our present statutes (Arts. 580 and 692 C. C. P.), even if it had been shown in the motion for new trial filed in the original case (Cassius v. State, supra), that the accused had voluntarily absented himself during the argument of his case and when the verdict was received; and his motion for new trial had been denied, and he had brought the matter before this court regularly upon appeal, we would likely have held him to have waived his right to be present. This, however, is aside from the question before us, in as much as the effort here is to have us sustain a collateral attack by habeas corpus upon proceedings had in the trial court which, at most, might have rendered the judgment voidable. Such attack can not be made by habeas corpus under all the authorities.

Appellant's motion for rehearing is overruled.

*Overruled.*