## J. C. Thornton v. The State.

No. 12293.   Delivered January 30, 1929.

The opinion states the case.

*Rainey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor, punishment being assessed at one year in the penitentiary.

The only question presented seems to be directly controlled by Valdez v. State, 10 S. W. (2d) 549. The only difference is that the case referred to was reversed because of the rejection of practically the same evidence which was admitted in the present case. However, after having admitted it the court declined to submit to the jury the issue raised thereby. The only witness who testified in the case was the alleged purchaser of the whisky. He says:

"I had been sick a right smart along about that time (that is, about the time of the sale) and was crippled in one of my legs. * * * When I met Mr. Thornton I asked him what would be the chance to get a pint of liquor. I wanted it for medicinal use and that is what I told him I wanted it for. * * * Yes, I do tell the jury that at the time I bought it I needed it because I was sick and bought it for medicinal purposes and I told the defendant when I bought it what I wanted it for before he let me have it."

It was appellant's contention that this evidence raised the issue as to whether the sale of the whiskey was for medicinal purposes and that if so it was not a violation of Art. 666 P. C. under which this

prosecution was had. Proper objection to the charge because of the omission to submit that issue were timely made and a special charge supplying the omission was requested and refused. The Valdez case, supra, and authorities referred to in that opinion seem to make any lengthy discussion unnecessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*