C. C. BARNETT v. THE STATE.

No. 12550. Delivered May 22, 1929.

The opinion states the case.

*S. H. Millwee* of Colorado, and *W. V. Dunnam* of Waco, for appellant. On failure to charge on defensive issue, appellant cites: Thornton v. State, 13 S. W. (2d) 369; Valdez v. State, 10 S. W. (2d) 549.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty two years in the penitentiary.

Prosecuting witness with the help of one Dozier purchased a bottle of whiskey from appellant. It is shown in Bill of Exception

No. 5 that exception was properly made to the Court's main charge in failing to submit the issue of whether or not the whiskey in question was- sold for medicinal purposes. The Court in this bill certified as a fact that "the issue was squarely raised by the testimony as to whether or not such whiskey was for medicinal purposes." If this recital be true, it was imperative upon the Court to submit such defensive issue to the jury. We are bound by the recitals of the bill, and presuming them to be true, as we must, the action of the Court was error. Thornton v. State, 13 S. W. (2d) 369; Valdez v. State, 10 S. W. (2d) 549.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.