## DAN BANTON V. THE STATE.

### No. 14563.   Delivered February 7, 1932.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant. .

*Archie D. Gray,* County Attorney, of Waxahachie, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The facts, briefly stated, are as follows:   Clyde Whitt was discussing with some officers at Italy the probability of locating the sellers of intoxicating liquor.   As a result of the conversation Whitt went to one Lee Williams, the alleged purchaser in the present case, and gave him $1.50 and requested him to get some whisky for him.   Williams went away towards the part of town occupied by colored people.   He later returned and delivered a pint bottle of whisky to Whitt.   Williams testified that he went to a cafe for colored people where appellant worked, called him out on the gallery and asked him if he had anything to drink, and that appellant told him that he had a pint, which he (Williams) bought from appellant, paying him $1.25 for it, which whisky he delivered to Mr. Whitt.   Williams denied that he told appellant he was sick or that Mr. Whitt was sick and wanted the whisky.

Appellant's confession was introduced by the State in which he said he sold Williams a pint of whisky which he had found.   Appellant's story about the matter from the witness stand was that Lee Williams came to the cafe where he was working; said he was sick and wanted some whisky; that appellant told he had none but there was a fellow there at

the cafe he thought he might get some from; that this was a big, heavy-set colored fellow who had been standing around the cafe for some time; that appellant went in the back of the cafe and secured from this stranger a pint bottle of whisky which he delivered to Williams; that he made no profit whatever on the transaction, and did it only because Williams had asked him to get the whisky for him, claiming that he was sick.

Reese Williams, the owner of the cafe, gave testimony corroborating the testimony of appellant to the extent that there was a heavy-set colored man about the cafe who was a stranger and that witness saw Lee Williams when he came there and heard him tell appellant he was sick, saw appellant take this stranger into the back part of the cafe and talk with him, and then saw appellant go out on the front porch where Lee Williams was waiting. He denied seeing a bottle of whisky passed between any of the parties mentioned. He said he had never seen this big black man before that day and had not the slightest idea of his whereabouts or activities and had not seen him since.

The court submitted no affirmative defensive issue whatever. Appellant requested two special charges on issues which seem fairly to have been raised by his testimony. It is not for us to speculate on what view the jury might or might not have taken regarding them. One special charge would have had the jury determine whether appellant sold the whisky to Lee Williams, believing that he was sick and was purchasing it for medicinal purposes only. Valdez v. State, 110 Texas Crim. Rep., 390, 10 S. W. (2d) 549; Thornton v. State, 111 Texas Criminal Rep., 610, 13 S. W. (2d) 368.

The other special charge was as follows: "You are instructed that if you believe from the evidence that Lee Williams paid to the defendant, Dan Banton, $1.25 for a pint of whisky, but you further believe from the evidence that Dan Banton purchased said whisky from another person for the sum of $1.25, and that such purchase by Dan Banton was made as an accommodation for Lee Williams and that the said Dan Banton did not receive any profit from such purchase and sale, and that said Dan Banton was acting as the agent of Lee Williams in the purchase of said whisky, or if you have a reasonable doubt as to whether Dan Banton was the agent of Lee Williams, you will acquit the defendant, and say by your verdict, 'not guilt'."

Unless we mistake the evidence it appears that both of the special charges were appropriate and should have been given, or the issues covered by them in some form should have been submitted. It is no answer to appellant's position to say the charge was not specifically excepted to because of the omission therefrom of an instruction on the subjects covered by the special charges. Where instructions on a subject are entirely omitted from the main charge accused may have the omission supplied, or preserve the question for review, either by exception specifically pointing

out the omission from the main charge, or by a special charge so framed as to correct the error. Parker v. State, 98 Texas Crim. Rep., 209, 261 S. W., 782; Bell v. State, 99 Texas Crim. Rep., 61, 268 S. W., 168; Howington v. State, 99 Texas Crim. Rep., 249, 268 S. W., 933; Ingle v. State, 100 Texas Crim. Rep., 7, 271 S. W., 84; Silva v. State, 102 Texas Crim. Rep., 415, 278 S. W., 216.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*