## JESSIE WINANS v. THE STATE.

No. 16009. Delivered May 31, 1933.
Reported in 61 S. W. (2d) 114.

The opinion states the case.

*H. L. Tooker,* of Ballinger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

John Wilson, the alleged purchaser, testified that about nine

o'clock at night he saw appellant on a street in Ballinger and asked him if he had any whisky; that appellant said "No," but that he could get some. Upon being asked by Wilson where appellant wanted him (Wilson) to be, appellant told him to wait right there. In about fifteen minutes appellant returned and delivered the whisky to Wilson, who gave appellant a dollar. The money was not given appellant until he delivered the whisky. The sheriff was nearby, but apparently neither Wilson nor appellant were aware of his presence. He saw appellant deliver the whisky and receive the money. The sheriff arrested appellant and took the whisky from Wilson. Appellant did not testify, and no evidence was introduced on his behalf.

In bills of exception one and two appellant makes the point that the evidence is not sufficient to support the verdict, and that the court should have directed a verdict of acquittal, both contentions as we understand it, being based on the proposition that, because appellant told Wilson he did not have any whisky but could get him some, it showed that appellant was acting as agent for Wilson in purchasing for him the whisky from some third party. We think there is no merit in such contention.

We find in the transcript a charge marked "Defendant's Special Charge No. 1," which sought to have the court tell the jury, if appellant was acting as the agent of Wilson, and they so found or entertained a reasonable doubt thereof, to acquit appellant. Bill of exception number three brings forward complaint because the court declined to give the charge. Neither on the special charge itself, nor by any recital in the bill mentioned, is it made to appear that such charge was presented to the court after the evidence was in, and before his main charge was read to the jury. Under the statute (Article 659, C. C. P.) and our decisions it is necessary that this be shown. Crane v. State, 91 Texas Crim. Rep., 304, 240 S. W., 920; Cecil v. State, 92 Texas Crim. Rep., 359, 243 S. W., 988; Parks v. State, 102 Texas Crim. Rep., 24, 276 S. W., 1106. For other authorities see note 11, under article 659, Vernon's Ann. Tex. C. C. P., vol. 2, and Annotation Pocket Part thereto.

If the record had shown that the special charge was timely requested, we are of opinion its refusal would not have presented error, for the reason that the issue of agency seems not sufficiently raised under the evidence. If accused is in no way interested on behalf of the seller, but simply acts as agent of the alleged purchaser in buying the whisky from another for the alleged purchaser, accused would not be guilty. There is no evidence in this record showing where or from whom ap-

pellant got the whisky, or his relations with such party, if any there was. The facts are very like those found in Dunson v. State, 98 Texas Crim. Rep., 506, 266 S. W., 1102, in which it was held that the issue of agency was not raised. For a state of facts pertinently raising the issue, see Howington v. State, 99 Texas Crim. Rep., 249, 268 S. W., 933.

Finding no error in the record calling for reversal, the judgment is affirmed.

*Affirmed.*