Gordy v State 






REVERSED AND REMANDED
FEBRUARY 15, 1990
 
                       NO. 10-88-215-CR
Trial Court
# 18,114-85
                            IN THE
                       COURT OF APPEALS
                            FOR THE
                    TENTH DISTRICT OF TEXAS
                            AT WACO

                   * * * * * * * * * * * * *

MARK LESLIE GORDY,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

    * * * * * * * * * * * * *

From 85th Judicial District Court
Brazos County, Texas

                   * * * * * * * * * * * * *

                         O P I N I O N

                         * * * * * * *
A jury found Appellant guilty of the aggravated sexual assault
of his two and one-half year old daughter, and the court assessed
his punishment at seventy-five years in prison. See TEX. PENAL
CODE ANN. § 22.021(a)(1)(B)(iv) (Vernon 1989). Appellant complains
that the court erred when it: (1) held a hearing in chambers to
determine the child's competency to testify without him being
present; (2) allowed two physicians to testify about out-of-court
statements made by the child; (3) permitted a physician to testify
about the child's use of anatomically correct dolls; and (4)
admitted statements made by him while he was allegedly under
custodial interrogation. He also claims that the evidence was
insufficient to support his conviction. The judgment will be
reversed and the cause remanded for a new trial.
Throughout the trial Appellant requested that the child be
brought into court for the purpose of determining whether she was
competent to testify. Each request was denied. However, the
court, without notice to Appellant or the State, conducted an in
camera hearing during a noon recess to determine whether the child
was competent as a witness. Only the judge, the court reporter,
the child, and her foster parents were present during the hearing. 
At the conclusion of the hearing, the court determined that the
child was competent and could be called as a witness.
When Appellant was informed about the hearing, he requested
that the child be questioned again in the presence of the
attorneys. After the judge refused his request, he then asked that
the transcript of the hearing be read to him so he could determine
whether he should call the child as a witness. This request was
also denied. Appellant's first point is that the court erred when
it conducted the competency hearing without him being present.
In a felony case, the defendant has the right to be present at
his trial unless he waives that right by voluntarily absenting
himself from the proceedings. TEX. CODE CRIM. PROC. ANN. art.
33.03 (Vernon 1989). His right to be present extends to matters of
law and fact. Parks v. State, 102 Tex. Crim. 24, 276 S.W. 1106,
1107 (1925). However, a conviction will not be reversed because
the defendant was absent from part of the trial, unless steps vital
to his rights were taken in his absence and there is either an
actual showing of injury or facts from which injury may be
reasonably inferred. Tischmacher v. State, 153 Tex. Crim. 481, 221
S.W.2d 258, 260 (1949).
Appellant's fundamental rights to be present at trial and to
confront the witnesses against him were violated when he was
excluded from the hearing to determine his daughter's competency to
testify. See Sanchez v. State, 702 S.W.2d 258, 259 (Tex. App.--Dallas 1985, pet. ref'd). Although the child did not testify,
Appellant was harmed by the ex parte proceeding because he was
forced to blindly decide whether to call his daughter as a witness. 
Point one is sustained. 
The court permitted Dr. Ortega and Dr. Rollins to testify to
out-of-court statements made by the child during medical
examinations. Dr. Ortega testified that, after being asked
approximately six times who had hurt her, the child replied,
"Daddy." Dr. Rollins testified that when she was asked who had
hurt her the child, who was playing with anatomically correct
dolls, grabbed the adult, male doll by the penis and said, "It did
it. It did it. It did it." The State claims that these
statements were admissible under an exception to the hearsay rule
because they were made for the purpose of treatment during a
medical examination. See TEX. R. CRIM. EVID. 803(4). Appellant
contends in points two and three that these hearsay statements
should not have been admitted.
A statement "made for purposes of medical diagnosis or
treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general
character of the cause or external source thereof insofar as
reasonably pertinent to diagnosis or treatment" is admissible as an
exception to the hearsay rule. Id. However, the exception does
not apply to statements related to the cause of the injuries. 
Hassell v. State, 607 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.]
1980). The child's statements to Dr. Ortega and Dr. Rollins were
in response to repeated questioning about the cause of the injury. 
Therefore, they did not fall under this exception to the hearsay
rule, and should have been excluded. 
Appellant's argument under points two and three, that the
statements were also inadmissible because his daughter was
incompetent to testify, is not reached. Whether a witness is
competent to testify is within the discretion of the court. Garcia
v. State, 573 S.W.2d 12, 14 (Tex. Crim. App. [Panel Op.] 1978). 
Competent means capable of observing and remembering events and
relating them through questions and answers. Watson v. State, 596
S.W.2d 867, 870 (Tex. Crim. App. [Panel Op.] 1980). The issue of
the child's competency may or may not be determined during a
retrial and, if determined upon a retrial, will necessarily depend
upon the facts developed at that time. Points two and three are
sustained. 
Dr. Rollins "introduced" anatomically correct dolls to the
child, and asked her to demonstrate with the dolls what had
happened. The court allowed Dr. Rollins to describe the child's
use of the dolls over Appellant's objection that the testimony
related to a "scientific test" which was not generally accepted as
reliable. Appellant's fourth point relates to the overruling of
his objection.
Dr. Rollins' testimony described the child's non-verbal
conduct which was offered to prove that Appellant sexually
assaulted his daughter. This evidence could have been excluded as
hearsay. See TEX. R. CRIM. EVID. 801(a), 802. However, Appellant
waived any error when he failed to object to the evidence on that
ground. Id. at 103(a)(1).
Appellant's argument that the evidence should have been
excluded because it was based on an unreliable scientific test
lacks merit. Had she testified, the child could have used the
dolls to illustrate her testimony. Use of demonstrative aids is
well known and widely accepted. Point four is overruled.
On April 9, 1988, Appellant and his wife took their daughter
to the hospital emergency room. Dr. Ortega examined the child,
determined that her anal injury was the result of "direct trauma"
by a "firm, blunt object," and suspected sexual abuse. Dr. Ortega
also concluded that the wound, which was still "oozing," was
approximately twelve hours old. 
Officer Van Nest, who was called to investigate the possible
sexual abuse of the child, questioned Appellant at the hospital
without giving him the complete Miranda warnings. See Miranda v.
Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). 
During the interview, Appellant offered numerous explanations for
his daughter's injury, including hemorrhoids or that she had hurt
her anus on a shopping cart at KMart. He also admitted that he was
the only one who had access to her within the preceding twenty-four
hours. However, during the course of Van Nest's interview, Officer
Massey learned that Appellant had outstanding arrest warrants for
traffic violations. Massey decided to arrest him on the warrants,
but waited approximately fifteen minutes outside of the room where
Van Nest was conducting the interview. Massey then entered and
arrested Appellant on the warrants.
Appellant filed a motion to suppress the statements he made to
Van Nest at the hospital, claiming that he should have received
full Miranda warnings because he was under "custodial
interrogation" at the time the statements were made. In his fifth
point, he asserts that the court erred when it denied his motion.
Miranda warnings are required only when a person's freedom has
been restricted to the extent that he is "in custody." Wicker v.
State, 740 S.W.2d 779, 786 (Tex. Crim. App. 1987). However, a
person can be "in custody" even though he is not under formal
arrest. Id. Factors which should be used to determine whether a
person is "in custody" include: (1) probable cause to arrest; (2)
the defendant being the focus of the investigation; (3) the
subjective intent of the police; and (4) the subjective belief of
the defendant. Id. 
The interview with Officer Van Nest was the beginning of an
investigation about a possible sexual assault. Although Appellant
was the focus of the investigation, the officers did not have
probable cause to arrest him at that time for the sexual assault. 
Furthermore, a logical place to start an investigation about a
potential assault on a minor is with the parents. Officer Van Nest
considered Appellant free to leave at any time until he was
informed about the traffic warrants. Furthermore, nothing in the
record indicates that Appellant believed he was not free to leave. 
Point five is overruled because the statements were not made while
Appellant was under custodial interrogation. 
Finally, Appellant complains in point six that the evidence
was insufficient to support his conviction. The standard on appeal
is whether, viewing the evidence in the light most favorable to the
conviction, a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Humason v. State,
728 S.W.2d 363, 366 (Tex. Crim. App. 1987).
Even excluding the hearsay testimony, the evidence was
sufficient to support Appellant's conviction when it is viewed in
the light most favorable to the verdict. Dr. Ortega and Dr.
Rollins determined that the injury was from "something the size of
an adult, male, erect penis . . . being forced into the rectum." 
Dr. Ortega stated that the injury was approximately twelve hours
old, and that Appellant told her that no one, except himself, had
access to the child during the previous twenty-four hours. 
Furthermore, the explanations which Appellant offered about the
child's injury were inconsistent with the doctors' conclusions. 
The jury could have reasonably deduced that these explanations were
concocted and wholly unbelievable. 
Evidence that Appellant had sole access to the child during
the time the injury occurred, expert medical testimony about the
probable cause of the injury, and Appellant's patently unreasonable
explanations of how the injury could have occurred were sufficient
for the jury to find beyond a reasonable doubt that he sexually
assaulted his daughter. Likewise, the evidence was sufficient to
exclude every other reasonable hypothesis except that of his guilt. 
See id. Point six is overruled. 
The first three points of error have been sustained. The
judgment is reversed and the cause is remanded for a new trial.
 
                       
BOB L. THOMAS
DO NOT PUBLISHChief Justice