JAMIE GARDNER v. THE STATE.

No. 5925. Decided April 13, 1921.

1.—Intoxicating Liquors—Accomplice Testimony.

Where, upon trial of the unlawful sale of intoxicating liquors, the defendant requested a charge to the jury on the law of accomplice testimony which was refused by the court, the same was reversible error. Following Franklin v. State, 88 Texas Crim. Rep., 342.

2.—Same—Non—Intoxicating Liquors—Charge of Court.

If upon another trial, the question of non-toxicants should be raised, the court should instruct the jury to acquit the defendant if the liquor did not contain the prohibited percentage of alcohol.

Appeal from the District Court of Cass. Tried below before the Honorable H. F. O'Neal.

Appeal from a conviction of the unlawful sale of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O'Neal & Allday* and *Bartlett & Patman,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appellant was convicted of the unlawful sale of intoxicating liquors to Hubbard Kirkpatrick.

It appears that the State proved by Hubbard Kirkpatrick and Turner Stewart that they purchased from appellant a gallon of "Choctaw Beer." A pint of the liquid was delivered to the father of Turner Stewart, by him to his son, by him in turn to a druggist, by the druggist to his clerk, who mailed it to Doctor Hoffman of the State Health Department at Austin and was analyzed by a chemist in his Department and found to contain a prohibited per cent of alcohol.

It was claimed by the appellant that the liquor which was obtained from him was not intoxicating.

Appellant requested the court to instruct the jury on the law of accomplice testimony with reference to the purchasers who testified that they purchased the liquor and paid the appellant for it. The refusal of the court to give such instructions was error. Franklin v. State, 88 Texas Crim. Rep., 342, 227 S. W. Rep., 486.

We think the evidence touching the identity of the liquor analyzed with that purchased from the appellant was sufficient to go to the jury upon the issue of the intoxicating qualities of the fluid.

A special charge was requested to the effect that if the jury found that the liquor was not intoxicating when sold but that its subsequently becoming so would not authorize a conviction was upon an issue which, so far as we are able to discern, is not raised by the evidence. In view of another trial, however, we express the opinion that, if requested to do so, the court should instruct the jury that if the liquor sold was at the time not an intoxicant, that is, it did not contain the prohibited percentage of alcohol, an acquittal should result.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*