BOYD RAY V. THE STATE.

No. 14915. Delivered March 30, 1932.
Rehearing Denied May 4, 1932.

240

The opinion states the case.

*W. R. Petty,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

The evidence shows that Mr. Brown, sheriff of Anderson county, had requested Mr. Knott and Mr. Wood, prohibition agents, to go with him and his deputies to a place run by appellant and one Rickoff, out some three of four miles from Palestine. The sheriff and his deputies got out of the car about a 150 yards from the house, it being understood that Knott and Woods were to sound the horn on the car when the other officers were wanted. Knott testified that when he and Wood drove up a number of cars were parked about the place, and quite a good many people were in the house; that both the occupants of the cars and those in the house were drnking and being served with drinks; that appellant came to the car and Knott asked for a couple of bottles of beer, telling appellant they had been sent there by a man from a certain filling station; that appellant said, "I guess you are all right"; and then brought two bottles of beer and delivered it to them, for which Knott paid twenty-five cents per bottle. Knott said he drank the beer, that it was home brew and was intoxicating. Knott and Wood then honked the horn; Brown and his deputies came up and the place was searched. The officers found 78 pints of home brew, all on ice, ten gallons of beer mash, and one and one-half pints of whisky. All of it was destroyed except twenty pint bottles of the beer, and the whisky. The sheriff delivered

six bottles of the beer to a chemist whose analysis showed the alcoholic content to vary from 6.97% in one bottle to 11.24% in another; the alcoholic content of the other bottles varying between the figures stated. Appellant claimed that what he sold Knott was Ajax beer; that the only liquor he sold at the place was Ajax beer and Pearl or XXX beer, which he claimed was not intoxicating. He testified that if any home brew or mash or whisky was on the place he had no knowledge of it. The state combatted this testimony by evidence that Ajax and Pearl, or XXX beer were clear liquids with no sediment, while the home brew being sold and served was a dark liquid with much sediment in the bottles.

Our state's attorney calls attention to the fact that the statement of facts in this case was not filed until October 8, 1931, and that chapter 34, page 75, Acts 1st C. S., 42d Leg., became effective August 17, 1931 (Vernon's C. C. P., art. 760), which act made it clear that question and answer statements of fact and incorporating bills of exception therein had no application to preparing the record for appeal in criminal cases. At the time the case was tried, the Act of the C. S. of the 42d Leg. permitting such bills of exception to be incorporated with question and answer statements of fact was in operation. It was doubtful whether such act had reference to the preparation of appeals in criminal cases. We assume that by reason of this confusion the record reaches us in its present form. We have thought it unfair not to consider the statement of facts and such bills of exception as appear therein. However, we desire now to call attention to chapter 34, page 75, Acts of the 1st C. S. of the 42d Leg., and to suggest that hereafter there will be no excuse for a record reaching this court in the condition in which we find this one. It adds immeasurably to our work to be compelled to discover in a question and answer statement of facts the ruling of the court with reference to the admission or rejection of evidence. It will not hereafter be done.

In his brief the first complaint of appellant is because of the refusal of a continuance. We find in the record no bill of exception regarding the matter. Neither is it shown that any application for continuance was ever filed. Regardless of the confusion of the law heretofore referred to relating to the preparation of the record for appeal, complaint of the refusal of continuance must of necessity be brought forward by bill of exception, in the absence of which any supposed error in denying the continuance will not be reviewed. See Green v. State, 49 Texas Crim. Rep., 645, 98 S. W., 1059; Branch's Ann. Tex. P. C., sec. 304.

It appears from the record that on the same night appellant and Rickoff were arrested the officers also arrested at another place a man by the name of Davis, who apparently had no connection with the transaction being investigated upon the present trial. On cross-examination of Knott he was asked if Davis did not have a quantity of home brew. The state objected to the evidence of other raids made by the officers

and the court said if it was at another time and place he would sustain the objection, to which ruling appellant excepted. Nothing appears in the statement of facts which makes relevant evidence of the other raid. The brief undertakes to elaborate the matter, but we are bound by the record.

When the chemist who had analyzed the beer was testifying, counsel for the state asked him if he determined the percentage of alcohol in the beer brought to him by the sheriff. Appellant objected "because it is an entirely different offense that he is trying to prove." The objection was overruled and the witness answered, giving the alcoholic contents as shown in the statment of the case in the beginning of this opinion. We learn from the brief that appellant seems to have in mind two articles of the Penal Code, article 666 and article 667, one of which denounces as an offense the possession of *"intoxicating liquor"* for the purpose of sale, the other of which denounces as an offense possession for the purpose of sale liquor *containing in "excess of one per cent of alcohol by volume."* Because appellant was indicted for possession of "intoxicating liquor" for the purpose of sale he seems to think it improper to permit proof of the alcoholic contents of the liquor. After stating what the alcoholic contents were, the chemist said that liquor containing such percentage of alcohol as he found was intoxicating. We see no merit in the bill. In his brief appellant elaborates another point in connection with this same matter, but it was in no way raised by the objection, hence it is not discussed.

No objections to the instructions given to the jury were filed, but two special charges were requested, to the refusal of which exception was reserved. One of them told the jury if appellant was in possession of "liquor or home brew beer" he could not be convicted unless it was intoxicating. This issue had been covered in the main charge. If it was not thought to be sufficiently comprehensive no claimed defect therein had been pointed out and the court was not in error in refusing the special charge on the same subject.

The other special charge would have instructed the jury if they believed from the evidence that "there was intoxicating liquor at the place mentioned and at the time mentioned, but that the defendant Boyd Ray did not know that said intoxicating liquor was there" or if they had a reasonable doubt thereof, he should be acquitted. Knott testified positively that the liquor sold him and Wood by appellant was home brew and that it was intoxicating. Appellant claimed that the liquor sold by him to Knott and Wood was Ajax beer. The evidence seems undisputed that appellant was serving other parties with the same kind of liquor he sold to Knott. Appellant also claimed that he thought what he was selling to the other parties was Ajax or XXX Pearl beer. Of course, appellant was in possession of the liquor he was selling, and if it was in fact intoxi-

cating, as the evidence seems to show without question, appellant could not excuse himself from criminal liability by claiming that he did not know it was intoxicating, unless he should bring himself under the general protection of article 41, P. C., regarding a mistake of fact. The article reads as follows: "If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense, but the mistake of fact which will excuse must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting." The requested charge entirely ignores the requisites pointed out in the statute before one may be excused thereunder.

We discover no error upon which reversal can be properly predicated, and the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Chemist Hinzie testified that he analyzed six samples of beer brought him by the sheriff of Anderson county shortly after June 19th. He said the alcoholic content of said bottles ranged from five to eleven per cent. His testimony was objected to as evidencing an effort on the part of the state to prove a different offense from that charged in the indictment herein. The offense charged was the possession of intoxicating liquor for purposes of sale. Appellant contended that the state was trying to get a conviction by proving him in possession of liquor having an alcoholic content of more than one per cent by volume, a different offense from that charged. Appellant's error in this matter was manifested by the fact that the state followed the above proof with an additional statement of Mr. Hinzie,—that liquor having the alcoholic content testified to would be intoxicating. That part of the testimony objected to was but a predicate leading up to and forming the basis for Mr. Hinzie's provable conclusion that the liquor was in fact intoxicating. In the cases cited by appellant in his motion for rehearing, we have no such state of facts.

Appellant admitted on the stand that he sold liquor and possessed a quantity of it, but claimed that if it was intoxicating he did not know it. The beer actually sold by appellant in person to Knott and Brown was shown to be intoxicating. The seventy-eight bottles of beer found in his possession was shown, by the analysis of Mr. Hinzie of six bottles thereof, to be also intoxicating. Appellant's own witness Wiggington, who was at the place when the officers raided it, said on cross-examination, when asked how much of "that beer" would intoxicate him, that he imagined it would take three or four bottles. Mr. Brown and the other officers testified that the beer they found in appellant's possession was not Ajax or Pearl beer but was home brew,—that it was dark and had

a sediment. Appellant claimed that he sold nothing but Ajax and Pearl beer. Another defense witness admitted on cross-examination that the night before the raid he brought into appellant's place a sack containing bottles of liquid, from an outhouse some 150 feet away. He admitted that these bottles were not in a case. Another witness, an officer, testified that about a month before the raid in question appellant phoned him to come to his place, and when he got out there he found fifteen or twenty persons drinking beer whom appellant asked him to get away from the place. He said several of these people were under the influence of intoxicating liquor.

We are still of opinion that there was no error in the refusal of the court to give a requested charge telling the jury to acquit appellant if he did not know that the intoxicating liquor was at his place. In our opinion, Banton v. State, 119 Texas Crim. Rep., 169, 46 S. W. (2d) 703, seems not in point.

We find nothing in the record suggesting that when the beer found in appellant's possession was analyzed by Mr. Hinzie, it was in a different condition from that which obtained when the place was raided by the officers, hence Gardner v. State, 89 Texas Crim. Rep., 171, 229 S. W., 856, has no application. We are not able to agree with appellant's contention that the testimony in this case is not sufficient to support the judgment of conviction.

The motion for rehearing will be overruled.

*Overruled.*