**Daniel SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-85-00238-CR.**

Court of Appeals of Texas,
Dallas.

Nov. 22, 1985.

Rehearing Denied Jan. 13, 1986.

George Kredell, Dallas, for appellant.

Ann B. Weatherholt, Dallas, for appellee.

Before VANCE, McCLUNG, and ZIMMERMANN, JJ.

ZIMMERMANN, Justice.

Daniel Sanchez was convicted by a jury of sexual assault. He now appeals on the ground that the trial court erred in excluding him from part of his trial. We agree. Consequently, we reverse and remand.

Sanchez contends that the trial court erred by physically excluding him from one phase of his trial in violation of the sixth and fourteenth amendments of the United States Constitution, Article 33.03 of the Texas Code of Criminal Procedure, and Article I, Section 10 of the Texas Constitution. The exclusion occurred during an in-camera hearing pursuant to section 22.065 of the Texas Penal Code (Vernon Supp.1985), which authorizes such hearings with respect to a victim's previous sexual conduct.

While Sanchez was excluded by the visiting judge, his attorney attempted to elicit inconsistent statements of a witness against appellant from that witness's boyfriend.

 Appellant argues that he has a fundamental right to be present at every stage of his trial and to be able to confront all witnesses against him, citing *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1101 (1892); *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); U.S. CONST. amend. VI; XIV; TEX. CONST. art. I, § 10; TEX.CODE CRIM.PROC. ANN. art. 33.03 (Vernon 1981). We agree with this contention, but this right is not absolute. In recent years, both federal and state courts have held that, in limited situations, the defendant's absence from the proceedings is not prejudicial to him. In federal court, a defendant's temporary absence from bench conferences and chamber conferences between lawyers and the court is usually held not to be prejudicial to the defendant, if the defendant or his lawyer did not request his presence, or object to his absence. *United States v. Allison,* 481 F.2d 468 (5th Cir.1973). A defendant may also relinquish his right through his voluntary absence or he may be removed from the courtroom if he persists in disrupting courtroom decorum. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). However, no circumstances that would justify the trial court to exclude Sanchez are noted in the trial record. We hold that where the record is silent with respect to the reason for the defendant's exclusion from the courtroom, the general rule applies, rather than one of the exceptions to that rule stated above. Stated differently, unless the record affirmatively shows that the defendant's absence was not prejudicial to him, the defendant's fundamental right to be present at every stage of his trial was violated. Accordingly, the judgment is reversed and the cause remanded.