Vincent Baxter KNIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00936–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1993.

Michael P. Fosher, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Jim Mount, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a conviction for robbery by appellant, Vincent Baxter Knight. With an enhancement for a prior conviction for possession of cocaine, the trial court assessed punishment at 20–years confinement. We affirm.

### Background

On April 22, 1992, appellant entered the J.C. Food Store, where he was a frequent shopper. After taking a beer from the shelf, he approached the cash registers with a walking stick in his hand. He placed the beer and the money on the counter and the clerk, Tia Coleman, rang up the sale. The clerk testified that when she reached for the money, appellant pushed her hand away and reached into the cash drawer, removing several bills. The clerk testified she asked appellant, "What are you doing?", and stepped back. As she stepped back, she saw what appeared to be the handle of a gun sticking out of appellant's waistband. She further testified she was afraid she might be hurt or killed. The clerk then yelled to the manager that they were being robbed. At that point, appellant ran out of the store with the money, without having said anything to either the clerk or the manager.

Although the State indicted appellant for aggravated robbery, the jury, on these facts returned a conviction for the lesser included offense of robbery.

### Competency determination

■ In appellant's first point of error, he argues that the trial court committed reversible error when it denied appellant's motion to be examined by a private psychiatrist. Appellant seeks a new trial, with the right to be reexamined by an independent expert.

Article 46.02, § 3(a) of the Texas Code of Criminal Procedure deals with the issue of incompetency to stand trial and provides that "[a]t any time the issue of the defendant's incompetency to stand trial is raised, the court may, on its own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to his competency to stand trial and to testify at any trial or hearing on this issue." TEX.CODE CRIM.P.ANN. art. 46.02, § 3(a) (Vernon 1979). On April 27, 1992, a motion was filed with the trial court, and signed by both the State and defense counsel, for a psychiatric examination to determine the sanity of appellant at the time of the offense and his competency to stand trial. The examination was conducted by Harris County Forensic Psychiatric Services and reports were prepared by psychologist Ed Silverman on May 28, 1992, which stated that, in his opinion, appellant was legally sane at the time of the offense and was competent to stand trial. Dr. Silverman noted on the reports that he was aware of appellant's prior hospitalization at the Harris County Psychiatric Center in 1987, and appellant's claim that he hears voices and sometimes believes news reporters are talking directly to him. However, he determined that appellant demonstrated no evidence of mental disease or mental defect.

Thereafter, appellant's counsel filed a motion for a court-appointed psychiatrist, based on his belief that appellant "is afflicted with some sort of mental disorder," his inability to reach a judgment as to the appellant's sanity, and advice given to him by members of appellant's family that appellant has had "symptoms of severe mental disorder of [sic] mental defect." The trial court denied appellant's motion. It is this ruling that appellant challenges.

Appellant cites to *Ake v. Oklahoma*, 470 U.S. 68, 76, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985), for the proposition that the State must, by some affirmative steps, assure an indigent defendant a fair opportunity to present his defense and participate meaningfully in judicial proceedings. While *Ake* does stand for this, in that case the United States Supreme Court also held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense. That is not to say, of course, that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own." *Ake*, 470 U.S. at 83, 105 S.Ct. at 1096.

The most recent Texas case to interpret *Ake*, in the context of insanity, is *DeFreece v. State*, 848 S.W.2d 150 (Tex.Crim.App.1993), cert. denied, —— U.S. ——, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993). In *DeFreece*, the court held that a preliminary examination by a "disinterested expert" under art. 46.02, § 3(a) may show that insanity is not going to be a significant factor in the case. *DeFreece*, 848 S.W.2d at 159. If the examination indicates that insanity will not be a significant factor at trial, then there is no triggering of the due process right set out in *Ake*. *Id.*

In both *Ake* and *DeFreece* the surrounding circumstances and psychiatric evaluations of the defendants were such as to indicate that their sanity would be a significant factor at trial. The defendant in *Ake* was accused of capital murder and acted so strangely at the arraignment that the trial court ordered an examination to determine his competency to stand trial. The examining psychiatrist determined the defendant was a paranoid schizophrenic, and he was committed to a state hospital. After six weeks treatment with Thorazine, the defendant was deter-

mined to be competent. His attorney indicated he would raise the defense of insanity, and requested independent psychiatric assistance. Based on these facts, the court determined the defendant was entitled to the assistance of a competent psychiatrist, since it was apparent his sanity was to be a significant factor at trial. *Ake*, 470 U.S. at 83, 105 S.Ct. at 1096. In *DeFreece* the defendant was convinced his wife was driving to another town to sell his baby son, so he drove her off the road, got into her car and killed her. 848 S.W.2d at 151. The defendant stated that he had heard voices telling him to "kill, kill." *Id.* The State questioned the sanity of the defendant, and he was found incompetent by a psychologist. He was hospitalized and put on medication, and was only found competent some eight months later. Despite an evaluation by his treating psychiatrist that defendant was a chronic schizophrenic, the trial court did not grant his attorney's request for independent psychiatric assistance at trial. The Court of Criminal Appeals determined that this ruling was reversible error. *Id.*

In this case, the evaluating psychologist determined appellant to be both sane at the time of the offense and competent to stand trial. An expert such as Dr. Silverman, appointed by the trial court under art. 46.02, § 3(a), is "the court's disinterested witness." *Granviel v. State*, 552 S.W.2d 107, 115 (Tex.Crim.App.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977). Following the requirements set out in *Ake* and *DeFreece*, appellant has not shown that his competency or sanity would be a significant factor at trial. The beliefs or speculations of appellant's attorney do not meet the type of showing required by those previous cases. Moreover, a request for a psychiatric evaluation is not probative of incompetence. *See Gardner v. State*, 733 S.W.2d 195, 200 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 848, 102 L.Ed.2d 979 (1989); *Burks v. State*, 792 S.W.2d 835, 840 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

Appellant's attorney also points to appellant's "uncooperative" behavior in refusing to sign certain documents (the appointment of counsel form, the reset forms, and the motion at time entering plea of not guilty) and in answering questions about how he was going to plead with "no contest" instead of "not guilty," as arguably indicative of appellant's incompetence. In *Burks*, the court rejected a defendant's argument that his unruly and disruptive behavior, distrust of his assigned psychologist, and failure to cooperate or communicate with his attorney were probative of his competency to stand trial. *Burks*, 792 S.W.2d at 840. In this case, appellant's actions do not meet the level of conduct in *Burks*, and are therefore not probative of his competency.

We overrule appellant's first point of error.

### Sufficiency of the evidence

In his second point of error, appellant contends that the trial evidence brought forth by the State at trial was insufficient to support his conviction for robbery. Appellant argues the jury's rejection of the fact that elevated robbery to aggravated robbery, i.e., the use and exhibition of a deadly weapon, leaves no evidence to support the element of the offense, that appellant placed the victim in fear of imminent bodily injury.

In any case where sufficiency of the evidence is challenged, we must determine whether, when viewed in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Pursuant to Tex.Penal Code Ann. § 29.-02(a)(2) (Vernon 1989), a person commits the offense of robbery if, in the course of a theft, he "intentionally or knowingly threatens or places another in fear, that fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will." *Williams v. State*, 827 S.W.2d 614, 616 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The fact finder may conclude that an individual perceived fear or was "placed in fear," in circumstances where no actual threats were conveyed by the accused. *Id.; Wilmeth v. State*, 808 S.W.2d 703, 706 (Tex.App.—Tyler 1991, no

pet.) (jury may find requisite fear from menacing glance and a hand gesture, even where no verbal threats were made).

 In this case, Ms. Coleman testified that appellant approached the counter with his hands at his waist and carrying a walking stick and placed a beer and money down on the counter. As she rang up the purchase, he reached across the counter and pushed her hand back and reached for the money in the register. At that point, she asked, "What are you doing?", and stepped back. As she stepped back, she saw what she thought was a gun handle in the waistband of the appellant and called to her supervisor "Barbara, we're being robbed." Ms. Coleman further testified that when she saw the gun handle she was scared that she might be hurt or even killed and made no attempt to stop appellant because she was afraid.

The jury was free to believe Ms. Coleman's testimony that she was afraid of appellant and that Ms. Coleman's fear caused her failure to attempt to stop appellant. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988) (jury may believe or disbelieve all or any part of a witness' testimony). Thus, although appellant did not say anything, his actions in pushing Ms. Coleman's hands away while having what appeared to be the handle of a gun tucked in his waistband were sufficient to place Ms. Coleman in fear of being imminently harmed. *See Cranford v. State,* 377 S.W.2d 957, 958–59 (Tex.Crim.App.1964); *Williams,* 827 S.W.2d at 617.

We overrule appellant's second point of error.

We affirm the trial court's judgment.