Clementino Olmos Lopez, Jr. v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-250-CR

CLEMENTINO OLMOS LOPEZ, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Clementino Olmos Lopez, Jr. appeals his conviction for burglary of a habitation, enhanced by two prior felony convictions.  The trial court assessed Lopez’s punishment at fifty years’ confinement.  In two issues, Lopez contends that the trial court erred by failing to 
sua sponte 
order an adjudication of his competency to stand trial and that his trial counsel provided ineffective assistance of counsel.  We affirm.

In his first issue, Lopez claims that the trial court should have 
sua sponte 
ordered an adjudication of his competency.  A person is legally incompetent to stand trial if the person does not have the capacity to (1) understand the nature and object of the proceedings against him, (2) consult with counsel, and (3) assist in preparing his defense.  
McDaniel v. State
, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003); 
see also 
Tex. Code Crim. Proc. Ann.
 art. 46.02 § 1A(a)  (Vernon Supp. 2004).  The conviction of an accused who is legally incompetent violates due process, and a trial court must inquire into the accused's mental competence once the issue is sufficiently raised.  
McDaniel, 
98 S.W.3d at 709. A court must 
sua sponte
 conduct an inquiry into a defendant's mental capacity if the evidence raises a bona fide doubt as to the defendant's competency.  
Pate v. Robinson
, 383 U.S. 375, 385, 86 S.Ct. 836, 842 (1966).  Evidence which shows recent severe mental illness, moderate or greater retardation, or truly bizarre acts by the defendant is sufficient to create a bona fide doubt. 
McDaniel
, 98 S.W.3d at 710.  In determining whether there is an issue of a defendant's incompetency, the trial court must consider only that evidence tending to show incompetency, putting aside all competing indications of competency.  
Moore v. State
, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), 
cert. denied
, 530 U.S. 1216 (2000).

Information necessary to sufficiently raise the issue of a defendant's incompetency must be specific and illustrative of counsel's present inability to communicate with the defendant.  
Id. 
at 
394.  
It is not enough for counsel to allege unspecified difficulties in communicating with the defendant.  
Id
. Evidence of mental impairment alone does not require a competency hearing where no evidence indicates that a defendant is incapable of consulting with counsel or understanding the proceedings against him.  
Id.
 at 395.   It is within the purview of the trial judge to distinguish evidence showing impairment only from that indicating incompetency as contemplated by the law.  
Id.
 at 396.  Moreover, distrust of attorneys and a general failure to cooperate are not probative of competence to stand trial.  
Burks v. State
, 792 S.W.2d 835, 840 (Tex. App.—Houston [1
st
 Dist.] 1990, pet. ref'd).  "If such actions were probative of incompetence, one could effectively avoid criminal justice through immature behavior."  
Id.

Lopez claims that there was evidence before the trial court raising a bona fide doubt as to his competency to stand trial.  Specifically, Lopez claims that his failure to follow his attorney’s advice and accept the plea bargain offered by the State and his failure to follow his attorney’s advice to not testify at the punishment phase of his trial both constitute evidence of his incompetency.  Lopez has not cited, and we have not located, any authority for the proposition that a defendant’s decision against the advice of counsel to reject a plea offer or to testify constitutes evidence raising a bona fide doubt as to a defendant’s competency to stand trial.  
Accord id.
 (holding general failure to cooperate with counsel is not probative evidence of competency).

Lopez also claims that his mother’s punishment phase testimony about his eighteen-year history of drug addiction raised the issue of competency. Viewing this evidence in the light most favorable to Lopez’s position, we conclude that the trial court did not err in failing to conduct a competency hearing.  There was no testimony regarding Lopez’s present ability to consult with his lawyer with a reasonable degree of rational understanding or whether he had a rational as well as factual understanding of the proceedings against him.  There was evidence regarding Lopez’s extensive drug addiction, but this evidence did not reflect on his ability to understand or to participate in the proceedings on that day.  
See Reeves v. State
, 46 S.W.3d 397, 400 (Tex. App.—Texarkana 2001, pet. dism’d).

In his second issue, Lopez claims that his trial counsel was ineffective for failing to:  raise the issue of competency, investigate the facts of the case, file a motion for a speedy trial, file a motion for new trial, ascertain whether Lopez had court appointed appellate counsel, and initiate competency proceedings during the punishment phase of trial.  
We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his 
counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and we must make every effort to eliminate the distorting effects of hindsight. 
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Here, Lopez’s allegations of ineffective assistance are not firmly founded in the record.  Some of Lopez’s factual claims are inaccurate, and as to the others the record does not show why trial counsel made the decisions he made.  Therefore, Lopez has failed to rebut the presumption that trial counsel made reasonable decisions.  
See
 
Thompson
, 9 S.W.3d at 814.  We overrule Lopez’s second issue.

Having overruled both Lopez’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: 
March 18, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.