COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-250-CR
 
  
CLEMENTINO 
OLMOS LOPEZ, JR.                                           APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Clementino Olmos Lopez, Jr. appeals his conviction for burglary of a habitation, 
enhanced by two prior felony convictions. The trial court assessed Lopez’s 
punishment at fifty years’ confinement. In two issues, Lopez contends that the 
trial court erred by failing to sua sponte order an adjudication of his 
competency to stand trial and that his trial counsel provided ineffective 
assistance of counsel. We affirm.
        In 
his first issue, Lopez claims that the trial court should have sua sponte 
ordered an adjudication of his competency. A person is legally incompetent to 
stand trial if the person does not have the capacity to (1) understand the 
nature and object of the proceedings against him, (2) consult with counsel, and 
(3) assist in preparing his defense. McDaniel v. State, 98 S.W.3d 704, 
709 (Tex. Crim. App. 2003); see also Tex. Code Crim. Proc. Ann. art. 46.02 § 1A(a) (Vernon Supp. 
2004). The conviction of an accused who is legally incompetent violates due 
process, and a trial court must inquire into the accused's mental competence 
once the issue is sufficiently raised. McDaniel, 98 S.W.3d at 709. A 
court must sua sponte conduct an inquiry into a defendant's mental 
capacity if the evidence raises a bona fide doubt as to the defendant's 
competency. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 842 
(1966). Evidence which shows recent severe mental illness, moderate or greater 
retardation, or truly bizarre acts by the defendant is sufficient to create a 
bona fide doubt. McDaniel, 98 S.W.3d at 710. In determining whether there 
is an issue of a defendant's incompetency, the trial court must consider only 
that evidence tending to show incompetency, putting aside all competing 
indications of competency. Moore v. State, 999 S.W.2d 385, 393 (Tex. 
Crim. App. 1999), cert. denied, 530 U.S. 1216 (2000).
         Information 
necessary to sufficiently raise the issue of a defendant's incompetency must be 
specific and illustrative of counsel's present inability to communicate with the 
defendant. Id. at 394. It is not enough for counsel to allege unspecified 
difficulties in communicating with the defendant. Id. Evidence of mental 
impairment alone does not require a competency hearing where no evidence 
indicates that a defendant is incapable of consulting with counsel or 
understanding the proceedings against him. Id. at 395. It is within the 
purview of the trial judge to distinguish evidence showing impairment only from 
that indicating incompetency as contemplated by the law. Id. at 396. 
Moreover, distrust of attorneys and a general failure to cooperate are not 
probative of competence to stand trial. Burks v. State, 792 S.W.2d 835, 
840 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). "If such 
actions were probative of incompetence, one could effectively avoid criminal 
justice through immature behavior." Id.
        Lopez 
claims that there was evidence before the trial court raising a bona fide doubt 
as to his competency to stand trial. Specifically, Lopez claims that his failure 
to follow his attorney’s advice and accept the plea bargain offered by the 
State and his failure to follow his attorney’s advice to not testify at the 
punishment phase of his trial both constitute evidence of his incompetency. 
Lopez has not cited, and we have not located, any authority for the proposition 
that a defendant’s decision against the advice of counsel to reject a plea 
offer or to testify constitutes evidence raising a bona fide doubt as to a 
defendant’s competency to stand trial. Accord id. (holding general 
failure to cooperate with counsel is not probative evidence of competency).
        Lopez 
also claims that his mother’s punishment phase testimony about his 
eighteen-year history of drug addiction raised the issue of competency. Viewing 
this evidence in the light most favorable to Lopez’s position, we conclude 
that the trial court did not err in failing to conduct a competency hearing. 
There was no testimony regarding Lopez’s present ability to consult with his 
lawyer with a reasonable degree of rational understanding or whether he had a 
rational as well as factual understanding of the proceedings against him. There 
was evidence regarding Lopez’s extensive drug addiction, but this evidence did 
not reflect on his ability to understand or to participate in the proceedings on 
that day. See Reeves v. State, 46 S.W.3d 397, 400 (Tex. App.—Texarkana 
2001, pet. dism’d).
        In 
his second issue, Lopez claims that his trial counsel was ineffective for 
failing to: raise the issue of competency, investigate the facts of the case, 
file a motion for a speedy trial, file a motion for new trial, ascertain whether 
Lopez had court appointed appellate counsel, and initiate competency proceedings 
during the punishment phase of trial. We apply a two-pronged test to ineffective 
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668, 
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 
(Tex. Crim. App. 1999). First, appellant must show that his counsel's 
performance was deficient; second, appellant must show the deficient performance 
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Hernandez 
v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under 
all the circumstances and prevailing professional norms at the time of the 
alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 814. Our scrutiny of counsel's performance must be highly deferential, and we 
must make every effort to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        Here, 
Lopez’s allegations of ineffective assistance are not firmly founded in the 
record. Some of Lopez’s factual claims are inaccurate, and as to the others 
the record does not show why trial counsel made the decisions he made. 
Therefore, Lopez has failed to rebut the presumption that trial counsel made 
reasonable decisions. See Thompson, 9 S.W.3d at 814. We overrule 
Lopez’s second issue.
        Having 
overruled both Lopez’s issues, we affirm the trial court’s judgment.

  
                                                          SUE 
WALKER
                                                          JUSTICE

  
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 18, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.