Affirmed and Memorandum Opinion filed May 1, 2007








Affirmed and Memorandum Opinion filed May 1, 2007.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00553-CR

____________

 

TROY MELONE BAUGH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 05CR0893

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Troy Melone Baugh, appeals following his felony
conviction of burglary of a habitation and sentence of life in prison.[1] 
In his two points of error, appellant contends that (1) the trial court=s finding that he
was competent to stand trial was so against the great weight and preponderance
of the evidence as to be manifestly unjust, and (2) the trial court
abused its discretion in failing to sua sponte conduct an informal
inquiry into appellant=s competency.  We affirm.

I.  Background

Because the issues raised by appellant relate only to his
competency at trial, we need not discuss
the events leading to his arrest.  Shortly after appellant was indicted
for the charged offense, appellant=s counsel filed a
Motion for Psychiatric Examination which was granted by the trial court.  Dr.
Victor Scarano performed the examination report and concluded that appellant
was incompetent to stand trial, but that with proper treatment, appellant=s competency would
be restored.  On June 7, 2005, after reviewing Dr. Scarano=s report, the
trial court found, and both parties agreed, that appellant was at that time
incompetent to stand trial, and ordered that appellant be committed to the
North Texas State Hospital Vernon Campus (the AVernon Hospital@) with the
objective of attaining competency.  

A report from the Vernon Hospital filed on September 16,
2005, concluded that, after treating and evaluating appellant, he was then
presently competent to stand trial.  Following this report, on September 19,
2005, appellant was ordered to be returned to the trial court for trial
proceedings.  On May 17, 2006, a jury found appellant guilty of burglary of a
habitation.

II.  Analysis








In his first point of error, appellant argues that the
trial court=s finding of his competence to stand trial was so
against the great weight and preponderance of the evidence as to be manifestly
unjust.  Because appellant returned to the trial court after having been deemed
incompetent to stand trial by that court, Article 46B.084 of the Texas Code of
Criminal Procedure applies.  See Tex.
Code Crim. Pro. art. 46B.084(a) (AOn the return of a
defendant to the committing court, the court shall make a determination with
regard to the defendant=s competency to stand trial.@).  Article
46B.084(a) states that, in making its determination as to whether a defendant
has gained sufficient competency to stand trial, the trial court may rely Asolely on the
report filed under 46B.080(c),[2]
unless any party objects . . . to the findings of the report not later than the
15th day after the date on which the report is served on the parties.@  Id art.
46B.084(a).  

During a break in voir dire proceedings, the trial
prosecutor raised the issue of Article 46B.084 and inquired whether the trial
court had ruled on defendant=s competency since his return from
commitment.  The trial court then had this discussion with the parties:

The Court:             Okay,
Counsel, I=ll tell you that I=m looking at
46B.084, which says, [quoting statute].  Looking at this [46B.080] report, it
appears to be filed September 13, 2005.[3] 


Did the State file an objection to this finding?

Prosecutor:            No,
Your Honor.

The Court:             Did
the Defense file an objection within 15 days?

Defense Counsel:   Not
within 15 days.  I was tempted.  I=ve always been
tempted, but I did not file the objection.

The Court:             Based
on the report, then, I=m going to find the Defendant is competent
to stand trial as is stated by the report.








Because
there were no objections to the report filed pursuant to Article 46B.080(c)
finding appellant to be competent, the trial court was warranted in finding
appellant to be competent based solely on the report.  Furthermore, because the
report was the only evidence presented with regard to appellant=s competency upon
return to the trial court, the trial court=s finding was
clearly not against the great weight and preponderance of the evidence.

Appellant bases his complaint under his first point of
error on the fact that the report filed pursuant to Article 46B.080 was not a
part of the appellate record at the time he filed his brief in this court. 
However, a supplemental clerk=s record containing that report has since
been filed with this court.  Appellant does not otherwise dispute the use or
delivery of the report.[4] 
As a result, we overrule appellant=s first point of
error.

In his second point of error, appellant contends that the
trial court abused its discretion in failing to sua sponte conduct an
informal inquiry into appellant=s competency.  We review a trial court=s failure to
conduct a competency inquiry under an abuse of discretion standard. Moore v.
State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999); LaHood v. State,
171 S.W.3d 613, 617-18 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  A defendant is incompetent to stand trial if he does
not have (1) sufficient present ability to consult with his attorney with a
reasonable degree of rational understanding, or (2) a rational and factual
understanding of the proceedings against him.  Tex. Code Crim. Proc. art
46B.003(a).  A person is presumed competent to stand trial and shall be
found competent to stand trial unless proven incompetent by a preponderance of
the evidence.  Id. art. 46B.003(b).  If evidence suggesting the
defendant may be incompetent to stand trial comes to the attention of the
court, the court on its own motion shall suggest that the defendant may be
incompetent to stand trial.  Id. art. 46B.004(b).  On suggestion that
the defendant may be incompetent to stand trial, the court shall determine by
informal inquiry whether there is some evidence from any source that would
support a finding that the defendant may be incompetent to stand trial.  Id.
art. 46B.004(c).








Appellant and the State dispute the meaning of Aevidence
suggesting the defendant may be incompetent@ as stated in
Article 46B.004(b).[5] 
We need not address this issue because we find no evidence presented to the
trial court that appellant was incompetent to stand trial. 








Appellant points to two separate sets of facts that he
claims should have raised the issue of appellant=s competency at
trial: (1) appellant=s medical history showing he needed to
continue treatment in order to remain psychologically stable coupled with the
fact that the trial court had not been assured that appellant had actually
continued such treatment; and (2) the alleged fact that appellant=s counsel had
difficulty communicating with appellant.  The fact that a defendant has a
history of mental illness and is required to continue treatment, does not, by
itself, raise the issue of competency.  See Moore, 999 S.W.2d at 395
(finding that prior hospitalization and treatment for hospitalization did not, per
se, require a trial court to conduct a competency hearing); LaHood,
171 S.W.3d at 619 (holding that Athe fact that
[defendant] may have been on psychiatric medication during trial and had a
history of mental problems did not mandate a competency inquiry@).  Rather, the
essential inquiry is whether the defendant has an ability to consult with his
attorney and has a rational and factual understanding of the proceedings
against him.  See Moore, 999 S.W.2d at 395; LaHood, 171 S.W.3d at
619.  Appellant=s medical history in combination with the
trial court=s lack of assurance that he was continuing treatment
is also unpersuasive in raising the issue of competency.  As stated earlier, a
defendant is presumed competent to stand trial.   Tex. Code Crim. Proc. art. 46B.003(b).  Therefore, the trial
court needs no affirmative assurances that a defendant is competent (i.e.,
evidence that defendant has continued treatment); rather, there must be some
facts indicating incompetency.  Appellant=s facts allegedly
indicating evidence of incompetency do not overcome that burden.

Appellant also argues that the issue of competency should
have been raised by his alleged difficulty in consulting with his attorney
throughout the trial proceedings.  Appellant points to the following instances
which he claims reveal counsel=s difficulty in communicating with him:

(1) When arraigned outside the
presence of the jury, appellant=s counsel answered that appellant Astands mute@;

(2) When later arraigned in the
presence of the jury, appellant=s counsel again stated that appellant Astands mute@;  

(3) Appellant=s counsel=s statement during
a conference with the trial court regarding the admissibility of certain
evidence that: AMr. Baugh=s behavior during
these proceedings has been an example of his behavior throughout our one year
of knowing each other.  He stands mute.  I had no idea of the existence of that
history until [the prosecutor] provided it to me.@ 








A defendant=s failure to cooperate with counsel is not
probative evidence of incompetence.  Burks v. State, 792 S.W.2d 835, 840
(Tex. App.CHouston [1st Dist.] 1990, writ ref=d).  Similarly, defendants
often choose to remain silent while being arraigned.  See, e.g., Tex. Code Crim. Proc. art. 27.16(a) (AIf the defendant
refuses to plead, the plea of not guilty shall be entered for him by the court.@); Schultze v.
State, 177 S.W.3d 26, 30 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d) (noting that appellant refused to enter
a plea); Alcott v. State, 26 S.W.3d 1, 4 (Tex. App.CWaco 1999), aff=d, 51 S.W.3d 596
(Tex. Crim. App. 2001) (finding that defendant=s decision to
remain silent when asked to enter a plea regarding an enhancement at the
punishment phase was insufficient evidence of incompetency).  If such actions
were considered evidence of incompetence, Aone could
effectively avoid criminal justice through immature behavior.@  Burks,
792 S.W.2d at 840.








Appellant also seems to suggest that his counsel could or
would not communicate with him throughout the course of the trial proceedings. 
We note that incompetence is ultimately judged by the ability of a
defendant to consult with his attorney rather than a defendant=s actual
consultations with his attorney.  Tex.
Code Crim. Proc. art. 46B.003(a). 
Otherwise, a defendant could avoid criminal justice by simply choosing not to
speak with his attorney.  Nevertheless, the record does not support appellant=s assertion.  For
instance, in appellant=s initial Motion for Psychiatric
Examination, appellant=s counsel discusses communications with
appellant, albeit communications that led counsel to conclude that appellant
was incompetent.  That conclusion, however, was based on appellant=s temperament in
communicating with counsel, not on a lack of communication.  The record also
reflects that appellant=s counsel was able to discuss sex offender
registration requirements with appellant and that appellant understood those
requirements.  Additionally, appellant responded at various points in the trial
to the trial court=s questions.  Finally, the Vernon Hospital
report concluded that while appellant Adid not believe he
would consider the advice of his attorney,@ appellant had the
capacity to disclose pertinent facts, events, and states of mind to counsel,
and to engage in a reasoned choice of legal strategies.  In sum, the record
fails to show that appellant did not have the ability to consult with his
attorney with a reasonable degree of rational understanding.  As a result, we
find no evidence raising an issue of defendant=s competency to
stand trial.  The trial court, therefore, did not abuse its discretion in
failing to conduct a sua sponte inquiry into appellant=s competency.  We
overrule appellant=s second point of error.

We affirm the judgment of the trial court.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 1, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 

 









[1]  Appellant=s
sentence was enhanced by a prior felony conviction.





[2]  A 46B.080(c) report is one filed by the Ahead of a facility to which a defendant has been
committed@ stating certain facts including the reasons why the
defendant should be discharged from the facility.  Id. art. 46B.080(c). 





[3]  The report was actually filed on September 16,
2005.  The report was sworn to on September 13, 2005.





[4]  For instance, appellant does not argue that he did
not receive the report as required by 46B.080(c).  See id. art.
46B.080(c) (AThe court shall provide copies of the report to the
attorney representing the defendant . . . .@).





[5]  Former Article 46.02, which was amended and replaced
with Article 46B.004 in 2004, stated that the issue of competency is raised
when evidence of the defendant=s incompetency
is brought to the attention of the trial court from any source.  Tex. Code Crim. Proc. art. 46.02, repealed by Act of April 30,
2003, 78th Leg., R.S., ch. 35 ' 15, 2003 Tex.
Gen. Laws 72.  Cases interpreting that statute found that the issue of
competency is raised only if the evidence brought to the trial court=s attention raises a bona fide doubt in the trial
court=s mind about the defendant=s competency to stand trial.  See McDaniel v. State,
98 S.W.3d 704, 710 (Tex. Crim. App. 2003);  Reed v. State, 112 S.W.3d
706, 710 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  Appellant argues that the current statute, which
states that the issue of competency is raised when evidence suggesting
the defendant may be incompetent, abandons the bona fide doubt standard used
prior to the statute change in favor of a less strict standard.  See Greene
v. State, No. 04‑05‑00783‑CR, 2007 WL 390309, at *5 n.3
(Tex. App.CSan Antonio Feb. 7, 2007, no pet.) (op. on reh=g.) (finding that, because the current Article 46B.004
is worded differently from the former Article 46.02, the Legislature intended
to Adepart from the >bona
fide doubt= requirement previously established by case law@).  But see Salahud‑Din v. State,
206 S.W.3d 203, 208 (Tex. App.CCorpus
Christi 2006, pet. filed) (employing the bona fide doubt standard while
noting that the statutory language in the code of criminal procedure governing
competency hearings has recently been amended); Ford v. State,
No. 05‑04‑01819‑CR, 2006 WL 710946, at *1 n. 1 (Tex. App.CDallas Mar. 22, 2006, no pet.) (not designated for
publication) (stating that, because the language of the statutes is
substantially similar, Awe see no reason not to apply that standard to this
case@); LaHood, 171 S.W.3d at 618-19 (applying the
bona fide doubt standard after the statute change); Richardson v. State,
No. 01‑04‑00281‑CR, 2005 WL 267708, at *2 n. 3 (Tex. App.CHouston [1st Dist.] Feb. 3, 2005, no pet.) (not
designated for publication) (concluding current statute=s requirement to conduct an informal inquiry is
substantially similar to that set forth in former Article 46.02 and applying
the bona fide doubt standard).