Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00340-CR

Roberto Garcia **MUNOZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR7011
Honorable George H. Godwin, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  March 14, 2012

AFFIRMED

Appellant, Roberto Garcia Munoz, was indicted on one count of aggravated sexual assault of a child and one count of indecency with a child by contact.  Appellant entered a plea of not guilty to both charges and a jury trial commenced.  However, after the State presented its first three witnesses, appellant accepted a plea offer from the State instead of continuing with the trial.  As part of the plea offer, the State waived and abandoned the charge of aggravated sexual assault of a child.  Appellant then changed his plea to no contest to the charge of indecency with

a child by contact. The trial court accepted the plea agreement and sentenced appellant to twelve years' confinement. Appellant raises two issues on appeal. First, appellant challenges the trial court's denial of his request for new counsel. Second, appellant claims he was denied effective assistance of counsel. We affirm.

## FAILURE TO APPOINT NEW TRIAL COUNSEL

In his first issue on appeal, appellant contends the trial court abused its discretion in denying his request to dismiss his court-appointed trial counsel, thus denying him the right to effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution and article 1, subsection 10 of the Texas Constitution. Appellant claims this failure to appoint new counsel violated his due process right under article 1, subsection 19 of the Texas Constitution.

On the first day of appellant's trial and before voir dire, defense counsel announced he was ready but stated appellant wanted to address the court. After discussing the rejected plea agreements and the evidence likely to be presented in his case, appellant indicated he wanted new trial counsel because he felt that his current court-appointed counsel was "not helping [him] that much." Appellant also indicated that his counsel had only visited with him once in the jail, only visited with his "woman" and not his brothers at his office, and didn't "feel he [was] helping [him] 100 percent like an attorney must do." In response, the trial court stated that it would not appoint him new counsel because the case was set for trial that day and the court believed his current counsel would adequately represent appellant and protect his rights.

We review the trial court's ruling on whether to grant a motion to dismiss appointed counsel under an abuse of discretion standard. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A trial court has no duty to search for counsel agreeable to a defendant. *Id.*

Generally, disagreement concerning trial strategy is not a typical ground for withdrawal. *Id.* A defendant does not have the right to choose appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reasons for the appointment of new counsel, he must accept court-appointed counsel. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977); *Burks v. State*, 792 S.W.2d 835, 838 (Tex. App.—Houston [1st Dist.] 1990, writ ref'd).

A defendant bears the burden of making the trial court aware of his dissatisfaction with counsel, stating his grounds for dissatisfaction, and offering evidence in support of his complaint. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985). Additionally, "the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice." *King*, 29 S.W.3d at 566. "Thus, an accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel." *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).

Here, appellant did not adequately establish he was entitled to different counsel. Instead, appellant only made a broad assertion that his counsel was not helping him as much as he should. However, the record reflects that his trial counsel visited with him in jail, made several court appearances on appellant's behalf, and visited and explained the evidence in the case with the woman appellant referred to who came to counsel's office. Further, appellant waited until the day of trial to request new counsel, but the record indicates he was represented by the counsel he complains of for at least eight months. As such, it was within the discretion of the trial court to determine the appointment of new counsel would obstruct the orderly administration of justice by preventing appellant from proceeding to trial that day. On this record, we cannot conclude

the trial court abused its discretion, nor denied appellant his due process right, by denying appellant's motion to dismiss court-appointed counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue on appeal, appellant contends his trial counsel provided ineffective assistance because his counsel did not (1) consult with him nor conduct investigations into his case; (2) file any pre-trial motions challenging the State's evidence; (3) develop legal strategies to challenge the admissibility of appellant's video recorded statement in which he allegedly confessed to the offense; (4) object to certain testimony by the complainant's mother about the complainant's sister; and (5) make an opening statement.

We review appellant's complaint under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668, 690 (1984). We will not speculate as to the reasons why trial counsel acted as he did; instead, we must presume that the actions were taken as part of a strategic plan for representing the client. *See Young v. State*, 991 S.W.2d 835, 837–38 (Tex. Crim. App. 1999). The appellate record must affirmatively demonstrate the alleged ineffective assistance of counsel. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Generally, the record on direct appeal is not sufficient to establish that counsel's representation was so deficient and so lacking in strategic or tactical decision-making as to overcome the strong presumption that counsel's performance was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813–14.

Here, as previously mentioned, the record reflects appellant's trial counsel consulted with appellant pre-trial. Similarly, the record demonstrates counsel extensively cross-examined all three of the witnesses presented by the State before the plea agreement. Thus, appellant's

contention that trial counsel did not consult with him or conduct investigations in his case is unfounded. Additionally, while counsel did not file any pre-trial motions challenging the State's evidence, it is apparent in the record that counsel did file a motion for an examining trial. Furthermore, "[t]he failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy." *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd). Likewise, we will not speculate as to trial counsel's strategy in opting not to challenge the admissibility of appellant's videotaped statement.

Additionally, appellant has failed to show and does not cite any legal authority that the trial court would have erred in overruling any objection appellant claims his trial counsel failed to make regarding parts of the complainant's mother's testimony. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) ("To show ineffective assistance of counsel for the failure to object during trial, the applicant must show that the trial judge would have committed error in overruling the objection."). Moreover, because the record is silent, we will not speculate on trial counsel's strategy with regard to this line of questioning by the State. Lastly, appellant is incorrect in his assertion that his trial counsel failed to make an opening statement. Instead, the record reflects trial counsel decided to wait "until the defendant's case" to make an opening statement—which never happened because appellant agreed to the plea agreement before his case-in-chief.

In any case, the first prong of the *Strickland* test presumes trial counsel is better positioned than the appellate court "to judge the pragmatism of the particular case, and that [counsel] 'made all significant decisions in the exercise of reasonable professional judgment.'" *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting *Delrio v. State*, 840

S.W.2d 443, 447 (Tex. Crim. App. 1992)). In applying this test, we should avoid second guessing trial counsel's tactical decisions that do not fall below the objective standard of reasonableness. *Young*, 991 S.W.2d at 837. Here, appellant's complaint requires us to speculate on defense counsel's strategy, which we may not do. Because the record is not sufficient to establish that counsel's representation was so deficient and so lacking in strategic or tactical decision-making as to overcome the strong presumption that counsel's performance was reasonable and professional, we conclude appellant has not met his burden of showing that trial counsel's representation fell below an objective standard of reasonableness or deviated from prevailing professional norms. *See Strickland*, 466 U.S. at 688.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the judgment of the trial court.


Sandee Bryan Marion, Justice


Do not publish